**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

UNITED STATES OF AMERICA

    **Plaintiff**

       **v.**

                                      **CRIMINAL NO.** 05-062(JAG)

MAXIELY CORDOVA-GUERRA ,

    **Defendant**

**MEMORANDUM AND ORDER**

GARCIA-GREGORY, D.J.

Pending before the Court is a Motion to Suppress, filed by defendant Maxiely Cordova-Guerra ("defendant") on April 19th, 2005. (Docket No. 20).  For the reasons discussed below, the Court **DENIES** the Motion.

**FACTUAL AND PROCEDURAL BACKGROUND**

After considering the testimony of witnesses and other evidence presented in a suppression hearing, then Magistrate-Judge Aida Delgado Colon determined that the following are the credible facts that led to the defendant's arrest:[1]

On February 21st, 2005, Sergeant Victor Nieves and Officer Omar Rodriguez, of the Guaynabo Municipal Police, were patrolling Road 833 (Guaynabo to Aguas Buenas) when they noticed a small car parked

---

[1] The Court takes the facts from the Magistrate-Judge's Report and Recommendation.  (Docket No. 35).

Criminal No.  05-062 (JAG)                                           2

next to a gas pump, at the Landrau Gas Station in Guaynabo, Puerto

Rico.   The vehicle in question was parked facing the opposite

direction (Aguas Buenas to Guaynabo), but was next to the pump that

is closest to Road 833.  The police officers looked inside the car

from a distance of approximately 25 feet, and saw that the defendant

was sitting inside the car unwrapping a brown cigar, which they

described as a "philly."[2]  The defendant was also seen with a plastic

bag in his right hand, pouring something into the tobacco wrapping.

Based on prior experiences, Sergeant Nieves decided to intervene.

    The police officers stepped out of their vehicle and, while on

their way to the car, the defendant approached them and stated

"officer, this is all I have."   While saying so, the defendant

handed to Sergeant Nieves a cigar wrapping with marihuana residue.

Sergeant Nieves proceeded to search the defendant, while officer

Rodriguez walked around the defendant's vehicle.   In plain view,

between the two front seats, officer Rodriguez saw a "zip-lock" bag

with   marihuana   residue.    Sergeant   Nieves   instructed   officer

Rodriguez to seize the bag.   While officer Rodriguez stretched to

get the bag, he noticed a gun handle protruding from underneath the

driver's seat.   The weapon was also seized and the defendant was

---

[2]     The     Magistrate-Judge     reported     that     "both
officers...initially noticed while driving by, that the driver's
door of defendant's vehicle was opened, the glass window was down
and defendant Cordova was sitting in the driver's seat, leaning
forward with his torso slightly to his left towards the door."
(Docket No. 35 at 3).

Criminal No.  05-062 (JAG)                                          3

placed under arrest and advised of his constitutional (<u>Miranda</u>)

rights.

     After the defendant's arrest, his vehicle was driven by a

police officer to the Guaynabo Police Station, and an inventory

search was conducted.   The search revealed 1.12 kilograms of

cocaine, three cellular phones, a plastic bag with marihuana

residues (which was "three-fourths opened"), and some ledgers.

     On February 24th, 2005, the defendant was charged by the Grand

Jury in a two count indictment with violations to Title 21 U.S.C.

Section 841(a)(1) and Title 18 U.S.C. Section 924(c)(1)(A)(B). In

Count I, the defendant is charged with the illegal possession of,

with intent to distribute, five hundred (500) grams or more of a

mixture or substance containing a detectable amount of cocaine.

Count II charges that, during and in relation to a drug trafficking

offense (the one charged in Count I), the defendant knowingly and

unlawfully possessed a firearm.

     On June 7th, 2005, the defendant moved for the suppression of

the narcotics and the weapon seized by the law enforcement officers,

as well as for the suppression of the statements given by him at the

time of his arrest.   The defendant asserts that the evidence was

seized through an illegal search and that the statements resulted

from custodial interrogation after an illegal arrest.   (Docket No.

22.)

Criminal No.  05-062 (JAG)                                              4

On June 8th, 2005, the Court referred the Motion to a Magistrate-Judge for a Report and Recommendation (R&R). (Docket No. 25). On December 13th, 2005, then Magistrate-Judge Aida M. Delgado-Colon issued an R&R to **DENY** the defendant's Motion, as she found that the search conducted on the defendant's car was permissible under Terry v. Ohio, 392 U.S. 1, 30 (1968) and Michigan v. Long, 463 U.S. 1032 (1983)(holding that "[i]f, while conducting a legitimate Terry search of the interior of [an] automobile, [an] officer should...discover contraband other than weapons, he clearly cannot be required to ignore the contraband, and the Fourth Amendment does not require its suppression in such circumstances"). Furthermore, the Magistrate-Judge reports that the government would have inevitably discovered the contraband and weapons through the inventory search that followed.

On January 4th, 2006, the defendant filed objections to the R&R. (Docket No. 38). The defendant argues that the Magistrate-Judge failed to address a series of discrepancies in the government witnesses' testimonies which, allegedly, lead to only one "logical conclusion": that "the witnesses did not testify the truth regarding the events that led to defendant's detention, arrest and search." (Docket No. 38 at 6). Specifically, the defendant points to discrepancies as to the following: 1) the defendant's position inside his vehicle; 2) the exact location where the officers' vehicle was parked; 3)the exact location where the defendant

Criminal No. 05-062 (JAG)                                                    5

allegedly handed over to sergeant Nieves the "philly" and the
marihuana; 4) the description of the evidence allegedly handed over
by the defendant; 5) the "custody or chain of evidence" of the
"philly" cigar and marijuana seized; 6) the officers' failure to
include in the police report the marihuana seized. Id., at 6. The
defendant also claims that the Magistrate-Judge gave too much weight
to the government witnesses' testimony, and failed to give due
consideration to the testimony offered by the defense witnesses.
Id., at 8.

In sum, the defendant contends that had the Magistrate-Judge
properly considered and weighted all testimonial evidence, she would
have concluded that "the officers lacked probable cause to detain,
arrest and search the defendant." Id.

**STANDARD OF REVIEW**

A. Standard for Reviewing a Magistrate-Judge's Report and
Recommendation

A District Court may, on its own motion, refer a pending motion
to a U.S. Magistrate-Judge for a Report and Recommendation. See 28
U.S.C. § 636(b)(1)(B); Fed.R.Civ.P. 72(b); Local Rule 72(a).
Pursuant to Fed.R.Civ.P. 72(b) and Local Rule 72(d), the adversely
affected party may contest the Magistrate-Judge's Report and
Recommendation by filing written objections "[w]ithin ten days of
being served" with a copy of the order. See 28 U.S.C. § 636(b)(1).
Since defendants have filed timely objections to the

Criminal No.  05-062 (JAG)                                    6

Magistrate-Judge's Report and Recommendation, the Court shall make

a <u>de</u> <u>novo</u> determination of those portions of the report or specified

proposed findings or recommendations to which specific objection is

made.  <u>See</u> <u>United States v. Raddatz</u>, 447 U.S. 667, 673 (1980); <u>Lopez</u>

<u>v. Chater</u>, 8 F.Supp.2d 152, 154 (D.P.R. 1998).

## DISCUSSION

The  defendant  challenges  the  Magistrate-Judge's  factual

determinations   as   to   the   following:   1)   the   Magistrate's

determination of both the defendant and the agents' exact position

when the latter noticed the defendant's suspicious activities, and

the exact place where the defendant handed over the "philly" and the

marihuana to the agents; 2) the description of the evidence handed

over by the defendant; and 3) the Magistrate's determination as to

the police's handling of the seized contraband after the defendant

was arrested. Upon review of the record, the Court rules that the

Magistrate-Judge's  factual  determinations  are  supported  by  the

evidence and, therefore, **ADOPTS** her findings.

First, the Court must point out that the Magistrate-Judge did

consider the defense witnesses' testimony, and even acknowledged the

discrepancies between their testimony and the government witnesses'.

(Docket No. 35 at 3, note 2).  However, after evaluating all the

evidence submitted, the Magistrate-Judge decided that the testimony

provided by police officers Nieves and Rodriguez was the most

Criminal No.  05-062 (JAG)                                                7

accurate and complete.[3]  Moreover, the Magistrate-Judge found that

the police officers' testimony was "further bolstered" by the

testimony of Axel Landrau, an employee at the gas station where the

events in question transpired.[4]

     On the other hand, the Magistrate-Judge found that the defense

witnesses' testimony was not as complete as the government

witnesses'.  Specifically, the R&R notes that the defense witnesses

did not listen to the officer's conversation with the defendant, did

not see the defendant while he purchased the cigar, could not tell

whether the defendant had voluntarily given anything to the police

officers, and could not tell what was the defendant doing prior to

the police intervention.   (Docket No. 35 at 6-7).   Finally,

_____

[3] The Magistrate-Judge noted that

     [w]hile defendant's counsel consistently and actively
     tried to discredit the law enforcement officers' statements
     and recollection of events, the truth remains, that both
     officers (Sgt. Nieves and Officer Rodriguez) have over seven
     (7) years of experience within the Municipal Police.  Sgt.
     Nieves has personally carried out over 20 arrests of
     individuals dealing in marihuana, and had approximately 25 to
     30 seconds to observe [the defendant's] actions.  Officer
     Nieves clarified he had observed, in prior incidents,
     individuals while "rolling cigars," that he was able to
     recognize the "Phillips" or "Philly," and that the cigar he
     observed was brown and approximately 6 inches long. (Docket
     No. 35 at 4-5).

[4] Axel Landrau testified, among other things, that on February
21st, 2005, the defendant drove into the gas station, parked
parallel to the gas pump closest to the main road, walked to the
cashier's booth and paid "for gas and a Phillip cigar." Landrau
further stated that he saw the defendant going back to his car,
where he remained "for less than a minute" before the police
arrived. (Docket No. 35 at 5).

Criminal No.  05-062 (JAG)                                        8

regarding the "chain of custody" issue, the Magistrate-Judge was

satisfied with the testimony of Special Agent Hector Cartagena, of

the Drug Enforcement Agency, who asserted that "all evidence shown

in court was in the same way it was provided to him," and that the

"zip-lock plastic bag was 'opened,' as it was at the time in which

[it] was seized."  Id., at 4.

     Thus, after considering all the evidence, the Magistrate-Judge

determined that the most complete and trustworthy version of the

facts was the one she provided in her R&R.  Although she noted

discrepancies in the government witnesses' version of the facts, she

found them to be irrelevant to the main controversy.  Consequently,

the Court will not tamper with the credibility determinations made

by the Magistrate-Judge.  See United States v. Raddatz, 447 U.S.

667, 681 n. 7 (noting that when the issue involves credibility, it

is unlikely that a district judge would reject the magistrate's

views and substitute his own appraisal); United States v. Hernandez-

Rodriguez, 443 F.3d 138, 148 (1st Cir. 2006)(holding that a district

court may not reject a magistrate-judge's findings as to the

credibility of a witness without hearing the witness testify first

hand); National Railroad Passanger Corp. v. Koch Industries Inc.,

701 F.2d 108, 111 (10th Cir. 1983)(holding that "only in a rare case

should a district judge resolve credibility choices in a manner

contrary to recommendations of magistrate who heard witnesses'

testimony").

Criminal No.  05-062 (JAG)                                              9

## CONCLUSION

In light of the foregoing, the Court **ADOPTS** the R&R and, accordingly, **DENIES** the Motion to Suppress.

IT IS SO ORDERED

In San Juan, Puerto Rico, this 7th day of June, 2006.


                                     S/Jay A. Garcia-Gregory
                                     JAY A. GARCIA-GREGORY
                                     United States District Judge